IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION | ) MDL No. 2974 ) ) 1:20-MD-02974-LMM ) |
| THIS DOCUMENT RELATES TO: | ) ) |
| PAULINE RICKARD | ) 1:21-cv-03861-LMM ) ) |

**DEFENDANTS' BRIEF REGARDING THE PRESENTATION OF DESIGNATED DEPOSITION TESTIMONY IN CHRONOLOGICAL ORDER AND AT ONE TIME**

Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, LLC, and Teva Branded Pharmaceutical Products R&D, Inc. (collectively "Teva"), ask this Court to exercise its discretion under Federal Rule of Evidence 611(a) to direct that all designated testimony from any single witness called at trial via deposition be admitted in full at one time, including the designations and counter-designations of all parties.[1] Plaintiff intends to play only her designations and Teva's counters in her case-in-chief. The Court invited the parties to brief the issue before the next pretrial hearing. *See* Dec. 17, 2025 Conf. Tr. at 173-174.

Plaintiff's proposal is an "ineffective" method "for determining the truth," Fed. R. Evid. 611(a), for two reasons. ***First***, her proposal slices a given witness's

---

[1] This direction would not apply to deposition testimony used for purposes of impeachment.

testimony in half and asks the jury to put a pin in evidence for days before they hear from that witness again. That juror burden is magnified here, where multiple witnesses will testify via deposition. **Second**, Plaintiff's proposal does not emulate how live testimony will be presented at trial and risks juror confusion by calling the same witness at different times. Prior testimony may be dimmed and context lost, leaving the jury to wonder how testimony introduced days later connects. The procedure that promotes fairness, judicial economy, and the jury's quest for truth is to call the witness once, with all testimony elicited in chronological order at one time—just as will occur with live witnesses.

## **ARGUMENT**

Federal Rule of Evidence 611(a) gives this Court the discretion and authority to control the order of witness examination at trial:

> **Mode and Order of Examining Witnesses and Presenting Evidence**:
> **(a) Control by the Court; Purposes**. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
>> (1) make those procedures effective for determining the truth;
>> (2) avoid wasting time; and
>> (3) protect witnesses from harassment or undue embarrassment.

*See also Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1477 (11th Cir. 1984) ("A trial court has the authority and responsibility to control the examination of witnesses and the presentation of evidence in order to achieve the objectives of ascertaining truth and avoiding needless consumption of time.").

The Federal Rules of Civil Procedure and Eleventh Circuit Pattern Jury Instructions both support Teva's position that designated testimony—like live witness testimony—should be presented in full, at one time:

- Federal Rule of Civil Procedure 32(a)(1)(B) recognizes that deposition testimony should strive to approximate live testimony, allowing its use at trial only "to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." Fed. R. Civ. P. 32(a)(1)(B).

- Eleventh Circuit Pattern Civil Jury Instruction No. 2.2 further underscores the principle of treating live and video testimony similarly by providing that, when a witness's testimony is presented by video at trial, the testimony "is entitled to the same consideration as live testimony, and [jurors] must judge it in the same way as if the witness was testifying in court." Pattern Civ. Jury Instr. 11th Cir. 2.2 (2025).

Combined, these rules direct that the better course at trial—the one best equipped to maintain the context of the testimony, to avoid juror confusion and waste of time, and to determine the truth—is to play all portions of a witness's testimony in chronological order at one time. This avoids the risk of confusing the jury by presenting out-of-context or piecemeal snippets of a witness's deposition testimony. "[T]his danger may not be completely averted by a later, separate reading of the omitted parts. The distorted impression can sometimes linger and work its influence at the subconscious level." 1 McCormick on Evidence § 56 (Kenneth S. Broun ed., 7th ed. 2013). That is particularly true during a long and complicated jury trial where "by the time the opponent can introduce the complete statement, the jury may have so assimilated the truncated version that the later repair is ineffective." 21A Charles

Alan Wright & Kenneth W. Graham, Federal Practice & Procedure: Evidence § 5072 (2d. ed. 2015). Playing a witness's complete testimony at one time, with questioning from both parties, also replicates the pattern of live witness testimony at trial, which is a pattern the jury will come to recognize and expect.

Appreciating these benefits, federal courts across the country have required parties to play a witness's complete testimony at one time. In *Loop LLC v. CDK Global, LLC*, No. 24-cv-571, 2025 WL 71871, at *4 (W.D. Wisc. Jan. 10, 2025), for example, the plaintiff insisted that only its deposition designations be played in its case-in-chief because it would be "unfair to play portions of depositions supporting [defendant's] case during [plaintiff's] case-in-chief," notwithstanding that for live witnesses, plaintiff had no such concern and agreed to allow "a full examination" during its case in chief. The court found that the best practice was to present all testimony "from the same witness at the same time because it is more efficient for both the witness and the jury." *Id*. While the burden on the witness to be called twice does not apply with deposition testimony, the court still found that calling a witness at different times during trial was not efficient and increased the risk of repetition and confusion. *Id*.

The only claimed prejudice that the *Loop* plaintiff identified was the jury's limited tolerance for video testimony. *Id*. at *5. Plaintiff argued that it would, in essence, be "blamed" for the length of defendant's designations. The court found

4

this unpersuasive and easily remedied with an instruction to the jury about who sponsored what testimony. *Id*.

Other courts are in accord. *See, e.g.*, *Ingenico Inc. v. Ioengine, LLC*, No. 18-826, 2022 WL 22835287, at *2 (D. Del. July 5, 2022) ("The designations, counter-designations, and counter-counter-designations will be read or played by video in chronological order at the same time. Each side shall be charged for the time needed to play only its own designations, counter-designations, and/or counter-counter designations, and will not be charged for the time necessary to play the other side's designations, counter-designations, and/or counter-counter-designations."); Ex. 1, Hrg. Tr. at 7:7-13, *Burris v. Ethicon, Inc., et. al.*, No. 3:20-cv-01450-JRK, (N.D. Ohio July 8, 2022) ("I really want to present the testimony the way it was preserved at the deposition."); Ex. 2, Order (Doc. 124) at 3, *Jarrett v. Ethicon, Inc.*, No. 4:20-cv-01517-BRW (E.D. Ark. Sept. 16, 2022) ("Deposition designations must be presented in chronological order.").

Here, too, the best way to ensure that deposition testimony most closely approximates a witness's live appearance at trial is to play the parties' designations and counter-designations in the order the questions were asked. To present this evidence in a different sequence risks splicing testimony in ways that will distort the evidence and confuse the jury. That process will also prejudice Teva by leaving it without a meaningful method of curing this confusion for days, if not weeks.

5

Presenting all the testimony at one time most accurately and fairly presents testimony for the jury, ensures consistency with live testimony, and will not prejudice Plaintiff.

## **CONCLUSION**

Teva requests that the Court require deposition testimony and counter-designations to be played in chronological order in full at one time when a witness's deposition testimony is offered as proof at trial.

Respectfully submitted,

| | |
|---|---|
| */s/ Christopher D. Morris* <br> Christopher D. Morris <br> Butler Snow LLP <br> Mississippi Bar No. 102981 <br> 1020 Highland Colony Parkway, <br> Suite 1400 <br> Ridgeland, MS 39158 <br> Telephone: (601) 985-4437 <br> chris.morris@butlersnow.com <br><br> ***Co-Lead Counsel for the Teva Defendants*** | */s/ Pamela L. Ferrell* <br> Pamela L. Ferrell <br> Butler Snow LLP <br> Georgia Bar No. 596713 <br> 170 Peachtree Street NE <br> Suite 1900 <br> Atlanta, GA 30309 <br> Telephone: (678) 515-5011 <br> pamela.ferrell@butlersnow.com <br><br> ***Co-Lead Counsel for the Teva Defendants*** |

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that I have prepared the foregoing in compliance with Local Rule 5.1 in Times New Roman 14-point font.

This 30th day of December, 2025.

                                                */s/ Christopher D. Morris*
                                                Christopher D. Morris, Esq.

                                                ***Co-Lead Counsel for the Teva Defendants***

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered attorneys of record.

This 30th day of December, 2025.

                                                */s/ Christopher D. Morris*
                                                Christopher D. Morris, Esq.

                                                ***Co-Lead Counsel for the Teva Defendants***